IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                               *
CHEKEIM WYMES, et al.,
                               *
    Plaintiffs,
                               *
        v.                          CIVIL NO.: WDQ-10-1629
                               *
JAY LUSTBADER, et al.,
                               *
    Defendants.
                               *
```

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Chekeim Wymes sued LCA-Vision, Inc. ("LCA-Vision")[1] and Jay Lustbader, M.D. (collectively, the "defendants") for negligence, lack of informed consent, and loss of consortium.[2] For the following reasons, the defendants' motions to dismiss will be denied.

I. Background[3]

Wymes and his wife, Erika, are Georgia citizens. Compl. ¶¶ 6–7. Lustbader, a Maryland citizen, works as an ophthalmologist for LCA-Vision a citizen of Delaware and Ohio, in Annapolis. *See id.* ¶¶ 8–9, 14.

---

[1] Doing business as LASIKPlus. Compl. ¶ 9.

[2] Wymes's wife, Erika, also sued for loss of consortium. Compl. ¶¶ 33–36.

[3] For the defendants' motions to dismiss, the well-pled allegations in the complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

On June 27, 2003, Lustbader performed LASIK surgery[4] on Wymes. *Id.* ¶ 18. Because of an unspecified "condition of [Wymes's] eyes," the surgery was "contraindicated." *Id.* ¶ 23(f). In August 2008, Wymes's vision became blurry. *Id.* ¶ 19. In September 2009, he was diagnosed with post-LASIK ectasia.[5] *Id.* ¶ 21. Wymes suffers from, *inter alia*, headaches, double vision, loss of depth perception, dry eyes, starbursts, and foreign body sensation. *Id.* ¶ 20.

On May 24, 2010, the Wymeses filed a Statement of Claim against the defendants in the Health Care Alternative Dispute Resolution Office (the "ADR Office") in Baltimore. *Id.*, Ex. 1. On June 3, 2010, the Wymeses filed a Certificate of Merit by Dr. Elizabeth Ann Davis (the "Certificate"),[6] which stated that (1) "there were violations of the standard of care by . . . Jay M. Lustbader, M.D., and LCA-Vision, Inc.," and (2) "as a direct result of the violations of the standard of care, [the Wymeses] were injured and damaged." *Id.*, Ex. 2 at 1. Dr. Davis's

---

[4] LASIK--Laser-Assisted *In Situ* Keratomileusis--is a "surgical procedure intended to reduce a person's dependency on glasses or contact lenses." U.S. Food & Drug Administration, LASIK, http://www.fda.gov/MedicalDevices/ProductsandMedicalProcedures/SurgeryandLifeSupport/LASIK/default.htm (last updated Sept. 22, 2009).

[5] "[C]haracterized by increasing corneal protrusion or steepening." Frederick S. Brightbill et al., *Corneal Surgery: Theory, Technique and Tissue* 732 (2009).

[6] Required by Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b)(1).

accompanying expert report (the "Report")[7] stated that the defendants violated the standard of care "in the performance of refractive surgery on Chekeim Wymes on or about June 27, 2003." *Id.* at 3.

On June 3, 2010, the Wymeses waived further arbitration proceedings in the ADR Office. *Id.*, Ex. 3. On June 4, 2010, the ADR Office transferred the case to this Court. *Id.*, Ex. 4. On June 18, 2010, Wymes sued the defendants for negligence, lack of informed consent, and loss of consortium; his wife also sued for loss of consortium. On July 14 and 19, 2010, the defendants moved to dismiss. ECF Nos. 10, 12.[8] On August 2, 2010, the Wymeses opposed those motions. ECF Nos. 15–17. On August 19, 2010, LCA-Vision filed its reply. ECF No. 19.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court

---

[7] Required by Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b)(3).

[8] Lustbader's motion to dismiss, ECF No. 12, "join[ed] and fully incorporate[d]" LCA-Vision's motion to dismiss, ECF No. 10.

3

bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764–65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557).  The complaint must not only allege but also "show" the plaintiff is entitled to relief.  *Id*. at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).  "[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief."  *Id*. (third alteration in original) (citation and internal quotation marks omitted).  The Court "should view the complaint in a light most favorable to the

plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. The Defendants' Motions to Dismiss

Count One alleges that the defendants were negligent by failing to (1) carefully diagnose Wymes's eye condition, and (2) recognize that because of that condition, "the [June 27, 2003] LASIK surgery . . . was contraindicated," which caused Wymes to start experiencing vision problems in 2008. Compl. ¶¶ 19–20, 23. Count Two alleges that the defendants failed to obtain Wymes's informed consent. *Id.* ¶ 29. Count Three alleges that the Wymeses experienced a loss of consortium because of the defendants' negligence. *Id.* ¶ 35.

In moving to dismiss, the defendants assert that the suit is time-barred, and the Wymeses filed an inadequate Certificate and Report. ECF No. 10 at 3, 5, 8; ECF No. 12 at 2.

1. The Action Is Timely

Under Md. Code Ann., Cts. & Jud. Proc. § 5-109(a):

> An action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider . . . shall be filed within the earlier of:
>
> (1) Five years of the time the injury was committed; or
> (2) Three years of the date the injury was discovered.

An "injury [is] committed" on "the date upon which the allegedly negligent act [is] first coupled with harm." *Hill v. Fitzgerald*, 304 Md. 689, 699–700, 501 A.2d 27, 32 (1985) (*citing* § 5-109(a)). Harm is "loss or detriment in fact." *Id.* at 697, 501 A.2d at 31.[9] Under the statute, there may be a "window of time between the negligent act or omission and the resulting harm." *Rivera v. Edmonds*, 347 Md. 208, 224–25, 699 A.2d 1194, 1202–03 (1997) (describing § 5-109's legislative history).

The complaint alleges that "[a]s a consequence of the [June 27, 2003] LASIK surgery performed by the defendants," Wymes "suffered post-LASIK ectasia, which *first* manifested in August

---

[9] *See, e.g.*, *Green v. N. Arundel Hosp. Ass'n*, 366 Md. 597, 612, 785 A.2d 361, 369–70 (1999) (patient suffered "harm . . . constituting an injury" when he experienced "headaches, drowsiness, and neurological deterioration" because of defendants' failure to diagnose); *Dennis v. Blanchfield*, 48 Md. App. 325, 327, 428 A.2d 80, 82 (1981) (because the plaintiff alleged that a physician's "erroneous diagnosis and treatment had caused her physical and mental suffering," including anxiety and nausea, the "harm was done and [the] medical injuries had occurred" by the time the treatment was discontinued).

2008, when his vision became blurred." Compl. ¶ 19 (emphasis added).

The defendants assert that "[i]n having a surgery that was allegedly contraindicated, [Wymes] *first* suffered legally cognizable harm . . . on the date of the surgery itself: June 27, 2003." ECF No. 10 at 7; ECF No. 12 at 2. Thus, they argue that because a Statement of Claim was not filed until May 24, 2010, the action is too late under the statute's five-year bar. *See id.*; § 5-109(a)(1).

Although the allegedly negligent act (the contraindicated surgery) was performed in 2003, Wymes has alleged that the resulting harm of that act "first manifested in August 2008" (blurred vision). Compl. ¶ 19. "[A]ccept[ing]" this allegation "as true," *Mylan*, 7 F.3d at 1134, the injury was committed in 2008.[10] Because the Statement of Claim was filed on May 24, 2010, *see* Compl., Ex. 1, the action is within the five-year limitations period of § 5-109(a)(1).

---

[10] *See Hill*, 304 Md. at 699–700, 501 A.2d at 32 (an "injury [is] committed" under § 5-109 when the "allegedly negligent act [is] *first* coupled with harm" (emphasis added)); *Rivera*, 347 Md. at 223, 699 A.2d at 1202 (because a cancer that should have been detected in 1983 "could remain dormant for as long as five years," with "no additional adverse consequences" during that time, the "injury could have been committed as late as . . . 1988, so that the five-year bar under [§ 5-109] did not operate until . . . 1993").

7

2. The Certificate and Report Are Adequate

Under Md. Code Ann., Cts. & Jud. Proc. § 3-2A-04(b)(1):

> [A claimant must] file a certificate of a qualified expert . . . attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury[.]

The claimant must "file the . . . certificate with a report of the attesting expert." *Id.* § 3-2A-04(b)(3). The purpose of the certificate and report is to "weed[] out non-meritorious claims." *See Walzer v. Osborne*, 395 Md. 563, 582, 911 A.2d 427, 438 (2006).

Although the Maryland Court of Appeals has stated in *dicta* what the report must contain, it has only *held* that the report must be filed with the certificate.[11] The certificate need only

> identify [the licensed professionals] against whom the claims are brought, include a statement that the defendant(s) breached the applicable standard of care, and that such a departure from the standard of care was the proximate cause of the plaintiff's injuries.

*Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007).

A claim may be dismissed only if "after assuming the truth of the assertions in the certificate and report, and all permissible inferences," the "requirements [of § 3-2A-04(b)] are not satisfied." *Id.* at 180 n.11, 929 A.2d at 27 n.11.

---

[11] *See, e.g., Walzer*, 395 Md. at 583, 585, 911 A.2d at 438-39 (stating that the report "must explain how or why the physician failed or did not fail to meet the standard of care and include some details supporting the certificate," but only "*hold[ing]* that the attesting expert report must be attached to the certificate").

8

Here, the Certificate states (1) "there were violations of the standard of care by . . . Jay M. Lustbader, M.D., and LCA-Vision, Inc.," and (2) "as a direct result of the violations of the standard of care, [the Wymeses] were injured and damaged." Compl., Ex. 2 at 1. The Report adds that the defendants violated the standard of care "in the performance of refractive surgery on Chekeim Wymes on or about June 27, 2003." *Id.* at 3.

The defendants assert that the Certificate and Report do not identify (1) "the standard of care," (2) "how each of the defendants allegedly breached the standard of care," or (3) "how [the Wymeses] were allegedly 'injured and damaged.'" ECF No. 10 at 3, 8–9; ECF No. 12 at 2.

The Maryland Court of Appeals has not required those details.[12] The Certificate, to which the Report is attached, states that Lustbader and LCA-Vision "violat[ed] the standard of care," and that the Wymeses were "injured and damaged" as a "direct result of th[ose] violations." Compl., Ex. 2 at 1. In "assuming the truth of the[se] assertions," the "requirements [of § 3-2A-04(b)]" have been met.[13] Thus, "dismissal is [in]appropriate." *Carroll*, 400 Md. at 180 n.11, 929 A.2d at 27 n.11.

---

[12] *See Carroll v. Konits*, 400 Md. at 172, 929 A.2d at 22; *Walzer*, 395 Md. at 585, 911 A.2d at 439; *see also* discussion *supra* p. 8.

[13] *Carroll*, 400 Md. at 180 n.11, 929 A.2d at 27 n.11; *see* § 3-2A-04(b)(1) (certificate must "attest[] to departure from standards of care, and that the departure from standards of care is the

9

Also, the Report contains "some details supporting the [C]ertificate," *Walzer*, 395 Md. at 583, 911 A.2d at 438-39, because it notes that the defendants violated the standard of care when "perform[ing the June 27, 2003] refractive surgery" on Wymes, Compl., Ex. 2 at 3. This explanation, along with the Certificate, provided notice to the defendants that the Wymeses' claims are not frivolous.

Accordingly, the defendants' motions to dismiss must be denied.

III. Conclusion

For the reasons stated above, the defendants' motions to dismiss will be denied.[14]

January 7, 2011                  _____/s/_____
Date                             William D. Quarles, Jr.
                                     United States District Judge

---

proximate cause of the alleged injury"); § 3-2A-04(b)(3) (a "report of the attesting expert" must be attached to the certificate).

[14] As a hearing would not have aided the decisional process, the "Request[s] for Hearing" by the Wymeses and the defendants will be denied. *See* ECF No. 10-2; ECF No. 12 at 5; ECF No. 15-2; ECF No. 16-2.